UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JAHVON BROMFIELD,

                Plaintiff,

    -against-

CITY OF NEW YORK, STATE OF NEW
YORK, and RIKERS ISLAND,

                Defendants.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-3689 (CBA) (RML)

**AMON, United States District Judge:**

Plaintiff Jahvon Bromfield, currently incarcerated at Clinton Correctional Facility, brings this pro se complaint pursuant to 42 U.S.C. § 1983 alleging that he was injured while incarcerated at the George R. Vierno Center ("GRVC") at Rikers Island Correctional Facility ("Rikers Island"). Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, plaintiff's claims against the State of New York, the City of New York, and Rikers Island are dismissed. His claims against the individual defendants listed in the complaint may proceed as construed by the Court.

## BACKGROUND

Plaintiff's complaint alleges that on March 30, 2015, while incarcerated at GRVC in the "3A" housing area, he was injured when hot, unprotected pipes less than a foot away from the phones burned his left forearm. (Compl. at 11.[1]) He alleges that he suffered a second degree burn on his left arm for which he was treated daily for the following month by the medical staff at Rikers Island. (Id. at 11, 12.) Although "the doctors went through all the proper medical procedures needed daily . . . there remains a permanent scar on [his] left arm." (Id. at 11.) He alleges that he

---

[1] Citations to the complaint refer to the page numbers assigned when electronically docketed.

repeatedly informed the jail personnel including "Capt. Dawkins # 1669, Monica Windley (Deputy Warden in Command, North Infirmary Command), Yolanda Canty (Assistant Chief, Division 11), C.O. Lue # 18509, Minsey Holness (Grievance), Capt. Tillery # 4448, and also the supervisor of maintenance" about the pipes, but "nothing was done by the [New York City Department of Correction ("DOC")] to resolve this matter." (Id. at 12.) Because "his appearance has been altered unwillingly and permanently because of negligence from DOC," he seeks damages of "250 million dollars to be paid by the State of New York and the City of New York." (Id. at 14.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss sua sponte any such complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), mandates sua sponte dismissal of frivolous prisoner complaints).

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). To avoid dismissal for failure to state a claim, a plaintiff must allege sufficient facts to enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Although a pro se complaint must contain sufficient factual allegations to meet this standard, it is held to less

2

stringent standards than pleadings drafted by lawyers. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). The Court is obliged to construe the pleadings liberally and interpret them as raising the strongest arguments they suggest. <u>Abbas</u>, 480 F.3d at 639.

## DISCUSSION

### I.    Immunity

The Court first addresses whether the complaint seeks "relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2). The Eleventh Amendment "bars suits brought against an unconsenting state in federal courts 'by her own citizens as well as by citizens of another State.'" <u>Tsirelman v. Daines</u>, 794 F.3d 310, 313 (2d Cir. 2015) (quoting <u>Edelman v. Jordan</u>, 415 U.S. 651, 663 (1974)). "This jurisdictional bar applies regardless of the nature of the relief sought." <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984). As a result, "[a] suit generally may not be maintained directly against the State itself, or against an agency or department of the State, unless the State has waived its sovereign immunity." <u>Fla. Dep't of State v. Treasure Salvors, Inc.</u>, 458 U.S. 670, 684 (1982). New York has not waived its immunity to suit under § 1983 in federal court, <u>see</u> <u>Trotman v. Palisades Interstate Park Comm'n</u>, 557 F.2d 35, 38–39 (2d Cir. 1977), and Congress has not abrogated that immunity, <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 66 (1989). Accordingly, to the extent plaintiff seeks relief from the State of New York, those claims are dismissed.

### II.    Merits

The Court next addresses whether the complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

### A. Section 1983 Claims

Section 1983 "allows an action at law against a 'person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" Patterson v. Cty. of Oneida, 375 F.3d 206, 225 (2d Cir. 2004) (quoting 42 U.S.C. § 1983). "Section 1983 is not itself a source of substantive rights . . . [i]t merely provides a method for vindicating federal rights elsewhere conferred." Id. (internal quotation marks and citations omitted). "To avoid sua sponte dismissal of a § 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of 'rights, privileges or immunities secured by the Constitution or laws of the United States.'" Milan v. Wertheimer, 808 F.3d 961, 964 (2d Cir. 2015).

Plaintiff submits his complaint on a "Civil Rights Complaint" form, but does not allege that any of his specific constitutional rights have been violated. (See Compl.) Instead, he alleges that he was injured, complained about the condition that caused the injury, and that "nothing was done by DOC" to resolve condition. (Id. at 11–12.) The Court liberally construes his complaint as seeking relief pursuant to 42 U.S.C. § 1983 against the remaining named defendants, the City of New York and Rikers Island. In addition, although these individuals are not named defendants, the Court construes plaintiff's complaint as seeking relief against the individuals he informed about the condition, identified as "Capt. Dawkins # 1669, Monica Windley (Deputy Warden in Command, North Infirmary Command), Yolanda Canty (Assistant Chief, Division 11), C.O. Lue # 18509, Minsey Holness (Grievance), Capt. Tillery # 4448, and . . . the supervisor of maintenance." (Id. at 12.) The Court considers whether plaintiff's § 1983 claims may proceed against each set of defendants in turn.

4

## 1. City of New York

Plaintiff has failed to state a § 1983 claim against the City of New York. In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, such as the City of New York, a plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. N.Y. City Dep't of Social Servs., 436 U.S. 658, 694 (1978)); Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (internal quotation marks and citation omitted)). "[M]unicipalities are 'responsible only for their own illegal acts,' and cannot be held 'vicariously liable under § 1983 for their employees' actions." Cash, 654 F.3d at 333 (quoting Connick v. Thompson, 563 U.S. 51, 60 (2011)). "Rather, a 'plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury.'" Id. (quoting Roe v. City of Waterbury, 542 F.3d 31, 37 (2d Cir. 2008)). Here, plaintiff has not alleged that any of the actions at issue in his complaint were undertaken pursuant to a municipal policy or custom. Accordingly, plaintiff's § 1983 claim against the City of New York is dismissed with prejudice for failure to state a claim on which relief may be granted.

## 2. Rikers Island

Plaintiff also fails to state a § 1983 claim against Rikers Island. "Rikers Island is not a 'person; within the meaning of § 1983, and as part of the New York City Department of Correction, an agency of the City of New York, [it] cannot be sued independently." Farray v. Riker's Island Correctional Facility, No. 12-CV-4717 (ARR), 2012 WL 5289608, at *2 (E.D.N.Y. Oct. 22, 2012) (citing Lauro v. Charles, 219 F.3d 202, 205 n.2 (2d Cir. 2000)). Accordingly, plaintiff's claim against Rikers Island is dismissed with prejudice for failure to state a claim on which relief may

be granted.

### 3. Individual Defendants

Plaintiff's § 1983 claims against the individual defendants appear to be sufficient to survive this stage of review. To the extent plaintiff seeks relief based on the negligent maintenance of the jail's heating system, he has failed to state a claim under 42 U.S.C. § 1983. Mere allegations that an official's negligent act caused injury to life, liberty, or property do not violate the United States Constitution. Claims of negligence are therefore not cognizable under § 1983. Daniels v. Williams, 474 U.S. 327, 330–32 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986). Here, however, the plaintiff has done more than allege mere negligence: he alleges that he repeatedly informed staff members at Rikers Island that the pipe was exposed and they "stated on multiple occasions that something will be done about this to avoid injuries." (Compl. at 12.) The Court therefore construes plaintiff's claim against the individual defendants as a claim for deliberate indifference to a serious threat to the health or safety of persons in custody.

Regardless of whether the plaintiff was a pretrial detainee, protected by the Fourteenth Amendment, or a convicted inmate, protected by the Eight Amendment, the Second Circuit has held that "[c]laims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment." Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009). To establish a claim of deliberate indifference to a serious medical condition, a pretrial detainee or inmate must show (1) that he had an objectively "serious medical condition," and (2) that this condition was met with subjective "deliberate indifference" on the part of the defendants. Id. (quoting Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir. 2000)). Here, plaintiff has identified a condition that arguably poses a risk of serious

6

harm, the exposed pipe, and has alleged that the defendants ignored his repeated warnings regarding the dangerous condition. To the extent plaintiff seeks relief based on the individual defendants' deliberate indifference to this dangerous condition, his claims may proceed as so construed by the Court.

## CONCLUSION

Accordingly, plaintiff's claims against the City of New York, the State of New York, and Rikers Island are dismissed. Plaintiff's claims against the individual defendants may proceed. The Clerk of Court is respectfully directed to substitute the following parties as defendants in this action: Capt. Dawkins # 1669, Monica Windley (Deputy Warden in Command, North Infirmary Command), Yolanda Canty (Assistant Chief, Division 11), C.O. Lue # 18509, Minsey Holness (Grievance), Capt. Tillery # 4448, and the supervisor of maintenance at Rikers Island Correctional Facility.

Plaintiff is directed to provide addresses for these individual defendants within thirty (30) days of the date of this Order. A summons will not issue and service upon them will not be ordered until plaintiff has complied with this Order. A courtesy copy of the complaint and this order shall be served upon the Corporation Counsel for the City of New York, Federal Litigation Unit.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: May    23    , 2016
     Brooklyn, New York               /S/ Judge Carol Bagley Amon
                                      Carol Bagley Amon
                                      United States District Judge